OPINION
Defendant-appellant Richard E. McKinniss brings this appeal from the judgment of the Common Pleas Court of Crawford County finding him to be a sexual predator.
On February 7, 1995, McKinniss pled guilty to one count of sexual battery pursuant to a plea agreement. He was then sentenced to an indefinite sentence of two to ten years in prison. Subsequent to sentencing, the Department of Rehabilitation recommended that the trial court find McKinniss to be a sexual predator. As a result of that recommendation, the trial court appointed counsel for McKinniss[1], set the date for the hearing, and sent notice to that attorney that a sexual predator hearing would be held on September 12, 2000. No notice was sent to McKinniss individually. At the hearing on this matter, McKinniss, following the advice of counsel, stipulated with the State that he was a sexual predator. The trial court then found McKinniss to be a sexual predator.
On October 13, 2000, McKinniss filed a notice of appeal, claiming in his brief on appeal that he was told by his attorney before the hearing that he was agreeing to a sexual offender status. McKinniss claims that when the judge stated that he was a sexual predator due to the stipulation, McKinniss' attorney told him that the judge had made a mistake that would be corrected. McKinniss claims that the attorney later told him that he had indeed stipulated to being a sexual predator. McKinniss also alleges that the first time he was told of the sexual predator hearing was the day of the hearing when the officer took him from Allen Correctional Institute to Crawford County Courthouse. Thus, according to McKinniss, the first time he met with his attorney concerning the sexual predator hearing was 15 minutes prior to that hearing.
McKinniss raises two assignments of error.
 The trial court erred in granting the State's motion to determine the appellant to be a sexual predator, when Defendant was never given notice of the hearing as required by the due process clause and the Revised Code.
 The trial court erred when it failed to consider Defendant's pro se motion for relief from judgment, where it is apparent Defendant misunderstood the proceedings.
 In the first assignment of error, McKinniss claims that he never received notice of the sexual predator hearing. R.C. 2950.09(B)(1) states in pertinent part:
 The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender.
 The Supreme Court of Ohio addressed the notice requirement of R.C. 2950.09(B)(2) in State v. Gowdy
(2000), 88 Ohio St.3d 387, 727 N.E.2d 579. In Gowdy, the defendant was brought before the trial court for a sentencing hearing. No mention of a sexual predator hearing was made. At the sentencing hearing, the trial court announced that it would proceed with the sexual predator hearing. Upon review, the Supreme Court of Ohio held that the notice provisions of R.C. 2950.09(B)(2) require strict compliance so that counsel has an adequate opportunity to prepare a defense. The failure to provide the notice statutorily required is plain error.
This court previously held in State v. Smith (Dec. 29, 2000), Crawford App. No. 3-2000-20, unreported, that notice of a sexual predator hearing sent to a defendant's court appointed attorney is sufficient to satisfy the statutory requirement of notice to that offender. However, that case differs substantially upon the facts from this case. As here, the Smith
court sent notice to a court appointed attorney, not the defendant personally. But in Smith, the attorney introduced evidence and argument about why the defendant should not be found to be a sexual predator at the hearing. The record not only showed adequate facts to support the trial court's conclusion of law that the defendant was a sexual predator, but also showed that the defendant and his attorney had taken the opportunity to prepare a case for the hearing.
Here, there is no question that McKinniss' appointed counsel received notice of the hearing. However, unlike the record in Smith, here the record is silent as to whether counsel ever contacted McKinniss prior to the hearing. Nor can we infer from the record of the hearing that McKinniss had had an opportunity to prepare a defense for the hearing. McKinniss' attorney did not present any evidence or argument to defend McKinniss from the allegations made. In fact, neither side presented any evidence. McKinniss, through his attorney, entered into a stipulation with the State that he was a sexual predator.
The record is silent regarding any facts supporting that stipulation. This court does not perceive any logical reason or incentive for a defendant to stipulate to being found a sexual predator. The finding that one is a sexual predator is the most severe status that can be designated. The result of the designation is that one is required to register with local law enforcement every 90 days for the remainder of his or her life and is subject to the community notification provisions of the statute. Additionally, without a writing to support the stipulation or any facts on the record, we cannot determine what the basis for the stipulation is. R.C. 2950.09(B)(2) requires that the trial court review numerous factors, then make a legal conclusion based upon the facts showing that the offender is or is not a sexual predator. Here, the trial court did not do so. The State and McKinniss have stipulated to a conclusion of law without any supporting facts. The trial court did not inquire into any of the facts that might have supported the conclusion. Thus, the trial court did not follow the statutory requirements of R.C. 2950.09(B)(2). The first assignment of error is sustained insofar as the trial court did not comply with all of the requirements of R.C. 2950.09.
This court is concerned with the possibility that McKinniss' allegations may be true and that the record provides no evidence to support or refute them. Without any evidence that McKinniss himself was notified of the hearing, we indulge the presumption of regularity of the proceedings. We must also presume that counsel performed competently by notifying and consulting with McKinniss about the defense of the claims against him. However, without any facts in the record concerning this stipulation, we have no foundation for determining whether it was knowingly and voluntarily made by McKinniss.
We are also concerned that the trial court sua sponte appointed counsel for this defendant, set the hearing date, and then sent notice to counsel only.[2] While the statute provides that the defendant is entitled to appointed counsel in this civil matter if he or she is indigent, nothing in the record demonstrates that McKinniss is currently indigent or sought appointed counsel. The defendant who is not indigent or who has other means available has the right to choose and retain private counsel if he or she wishes. The procedure followed here precludes this option in the absence of notice of the hearing or that appointment of counsel for the sexual predator hearing was made.
These issues raise serious concerns because there is no appeal for any improprieties that do not appear on the record for direct appeal and there is no equivalent proceeding for collateral attack of the judgment here as there would be in a criminal proceeding. Likewise, it seems no relief is available through a writ of habeas corpus as that principally is available only to those seeking remedy for actions affecting liberty. R.C. 2725.01. McKinniss also cannot avail himself of a motion under Civ.R. 60(B) since he had constructive notice of the hearing, appeared at the hearing and judgment was entered upon the stipulation.
The second assignment of error claims that the trial court erred by not granting McKinniss' pro se motion for relief from judgment. Since we have found that the trial court did not comply with the requirements of R.C. 2950.09, McKinniss must be given a new hearing. Thus, the second assignment of error is moot.
The judgment of the Common Pleas Court of Crawford County is reversed and the cause is remanded for further proceedings.
 _________________ BRYANT, J.
 SHAW and HADLEY, J.J., concur.
[1] The trial court appointed the same counsel that was appointed for McKinniss in 1995.
[2] We note that this proceeding is in the nature of a civil action.